1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

BRIAN STEVEN MCNEAL,
Inmate Booking #156275,

                                        Plaintiff,

                vs.

CASSANDRA KINCHEN; BILL
LOCKYER; BONNIE DUMANIS;
NATALIE VILLAFLOR,

                                        Defendants.

Civil No.    06-2557 WQH (AJB)


**ORDER:**

**(1) REVOKING PLAINTIFF'S *IN FORMA PAUPERIS* STATUS; AND**

**(2) DISMISSING CIVIL ACTION AS DUPLICATIVE PURSUANT TO 28 U.S.C. § 1915A(b)(1)**


    Plaintiff, an inmate proceeding pro se, and currently incarcerated at Patton State Hospital in Patton, California, submitted a civil rights complaint pursuant to 42 U.S.C. § 1983 in the Central District of California.  In his Complaint, Plaintiff alleges that San Diego County Deputy Public Defender Cassandra Kinchen, California Attorney General Bill Lockyer, San Diego County District Attorney Bonnie Dumanis, and Deputy District Attorney Natalie Villiflor conspired to prosecute him in his criminal trial by failing to present his case to the grand jury.

On October 27, 2006, United States Magistrate Judge Patrick Walsh granted Plaintiff's Motion to Proceed *In Forma Pauperis* ("IFP"). However, it was later determined that the claims in Plaintiff's Complaint arose out of events which took place in the San Diego Superior Court in the Southern District of California. Thus, United States District Judge Florence-Marie Cooper determined that venue was proper in the Southern District of California and transferred this case to this District on November 8, 2006. *See* Nov. 8, 2006 Order at 1-2.

## I.      Revocation of Plaintiff's IFP Status

Although Plaintiff was granted leave to proceed IFP by the Central District on October 27, 2006, a review of this Court's docket indicates that Plaintiff is barred from proceeding IFP pursuant to 28 U.S.C. § 1915(g).

Section 1915 of Title 28 of the United States Code allows certain litigants to pursue civil litigation IFP, that is, without the full prepayment of fees or costs. 28 U.S.C. § 1915(a)(2). However, the Prison Litigation Reform Act of 1995 ("PLRA") amended section 1915 to bar a prison inmate from proceeding IFP:

> . . . if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The objective of the PLRA is to further "the congressional goal of reducing frivolous prisoner litigation in federal court." *Tierney v. Kupers*, 128 F.3d 1310, 1312 (9th Cir. 1997).

Thus, once a prisoner has filed three civil actions or appeals that have been dismissed as frivolous or malicious or for failure to state a claim (the Court will refer to such dismissed complaints as "strikes"), he is prohibited by section 1915(g) from pursuing any other action IFP in federal court unless he is in "imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g). The Ninth Circuit has held that section 1915(g) does not violate a prisoner's right to access to the courts, due process or equal protection. *See Rodriguez v. Cook*, 169 F.3d 1176, 1179-81 (9th Cir. 1999). Nor does it violate separation of powers principles or operate as an ex

post facto law.  *Id.* at 1181-82.  When applying 28 U.S.C. § 1915(g), however, a court should cite the specific case names, numbers, districts and dates of dismissal for each civil action it considers a "strike" or "prior occasion."  *See Evans v. Illinois Dep't of Corrections*, 150 F.3d 810, 811-12 (7th Cir. 1998).

The Court notes as an initial matter that Plaintiff has alleged no facts to show that he is in imminent danger of serious physical injury.  *See* 28 U.S.C. § 1915(g); *Rodriguez*, 169 F.3d at 1178; *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998) (finding that "allegations that the prisoner faced imminent danger in the past" are insufficient to trigger section 1915(g)'s imminent and serious physical injury exception).  Thus, regardless of Plaintiff's financial status, he may not proceed IFP pursuant to 28 U.S.C. § 1915 if he has, on three prior occasions while incarcerated, had federal civil actions or appeals dismissed as frivolous or malicious or for failing to state a claim.  *See* 28 U.S.C. § 1915(g); *Rodriguez*, 169 F.3d at 1178.

A court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue."  *United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992); *St. Louis Baptist Temple, Inc. v. FDIC*, 605 F.2d 1169, 1172 (10th Cir. 1979).  Here, the Court takes judicial notice that Plaintiff has had at least three prior prisoner civil actions dismissed in the Central District of California on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.  *See McNeal v. San Diego Sheriff's Office, et al.*, Civil Case No. 05cv00302-UA (PJW) (C. D. Cal. Mar. 18, 2005) (Order Denying Motion to Proceed IFP and Dismissing Complaint pursuant to 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A as frivolous) (strike one); *McNeal v. Kirkman*, Civil Case No. 05cv04373-UA (PJW) (C. D. Cal. June 28, 2005) (Order Denying Motion to Proceed IFP and Dismissing Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A as frivolous) (strike two); and *McNeal v. Warden*, Civil Case No. 05cv00242-UA (PJW) (C. D. Cal. Jan. 31, 2005) (Order Denying Motion to Proceed IFP and Dismissing Complaint pursuant to 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A as frivolous) (strike three).

1    In fact, Plaintiff was specifically informed by this Court in *McNeal v. Kolender*, S.D.
2  Civil Case No. 05cv2091 LAB (JMA) that he may not proceed IFP pursuant to his three
3  "strikes." *See McNeal v. Kolender*, S.D. Civil Case No. 05cv2091 LAB (JMA) (Order Denying
4  Plaintiff's Motion to Proceed *In Forma Pauperis* pursuant to 28 U.S.C. § 1915(g) dated January
5  23, 2006). Accordingly, the Court finds that it is appropriate to revoke Plaintiff's IFP status
6  because he is barred from proceeding IFP pursuant to 28 U.S.C. § 1915(g).

7  **II.      Sua Sponte Screening Pursuant to 28 U.S.C. § 1915A(b)**

8    Regardless of Plaintiff's IFP status, the Prison Litigation Reform Act ("PLRA"), 28
9  U.S.C. § 1915A obligates the Court to review complaints filed by all persons "incarcerated or
10  detained in any facility who is accused of, sentenced for, or adjudicated delinquent for,
11  violations of criminal law or the terms or conditions of parole, probation, pretrial release, or
12  diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. § 1915A(a), (c).
13  The Court must sua sponte dismiss prisoner complaints, or any portions thereof, which are
14  frivolous, malicious, or fail to state a claim upon which relief may be granted. 28 U.S.C.
15  § 1915A(b); *Resnick v. Hayes*, 213 F.3d 443, 446-47 (9th Cir. 2000).

16    Plaintiff's instant Complaint is subject to sua sponte dismissal pursuant to 28 U.S.C.
17  § 1915A(b)(1) because it is duplicative of a civil rights action he has already filed. The
18  Complaint filed by Plaintiff in *McNeal v. Villaflor, et al.*, S.D. Cal. Civil Case No. 06-1508 BTM
19  (RBB) contains identical claims against the same defendants named in this action. A court "may
20  take notice of proceedings in other courts, both within and without the federal judicial system,
21  if those proceedings have a direct relation to matters at issue." *United States ex rel. Robinson*
22  *Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992).

23    A prisoner's complaint is considered frivolous under 28 U.S.C. § 1915A(b)(1) if it
24  "merely repeats pending or previously litigated claims." *Cato v. United States*, 70 F.3d 1103,
25  1105 n.2 (9th Cir. 1995) (construing former 28 U.S.C. § 1915(d)) (citations and internal
26  quotations omitted). Thus, because a review of the Court's docket reveals that Plaintiff has
27  already litigated the same claims presented in the instant action in *McNeal v. Villaflor, et al.*,
28  S.D. Cal. Civil Case No. 06-1508 BTM (RBB), the Court hereby **DISMISSES** Civil Case No.

1   06cv2557 pursuant to 28 U.S.C. § 1915A(b)(1).  *See Cato*, 70 F.3d at 1105 n.2; *Resnick*, 213

2   F.3d at 446 n.1.

3   **III.    Conclusion and Order**

4         Good cause appearing, **IT IS HEREBY ORDERED** that:

5         1.        Plaintiff's *In Forma Pauperis* status is **REVOKED**; and

6         **IT IS FURTHER ORDERED** that:

7         2.        Plaintiff's Complaint in Civil Case No. 06cv2557 WQH (AJB) is **DISMISSED**

8   as frivolous pursuant to 28 U.S.C. § 1915A(b)(1).

9         **IT IS SO ORDERED.**

10  DATED:  December 14, 2006

11                                              *William Q. Hayes*

12                                              **WILLIAM Q. HAYES**
                                                United States District Judge